UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MIKE WEBB,

    *Plaintiff*,

v.

    No. 23-cv-816 (DLF)

META PLATFORMS, INC.; OFFICE OF
MANAGEMENT & BUDGET,

    *Defendants.*

## ORDER

Mike Webb, proceeding *pro se*, brings this action against Meta Platforms, Inc. and the Office of Management and Budget. His complaint asserts claims under the Freedom of Information Act (FOIA), 5 U.S.C. § 552; the Freedom of Access to Clinic Entrances (FACE) Act, 18 U.S.C. § 248; the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb–1; and 42 U.S.C. §§ 1983 and 1985. Compl. ¶¶ 75, 91, 107, 111, 118, Dkt. 1. It also asserts claims for civil conspiracy and intentional infliction of emotional distress under Virginia law. *Id.* ¶¶ 123, 126–27.

Complaints by *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Even a *pro se* litigant, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). This requirement "ensures that the opposing party will receive 'fair notice

of what the . . . claim is and the grounds upon which it rests.'" *Jones v. Changsila*, 271 F. Supp. 3d 9, 21 (D.D.C. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original)). In addition, Rule 12(b)(6) entitles an opposing party to dismissal if the complaint "fail[s] to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), and Rules 12(b)(1) and 12(h)(3) instruct the Court to dismiss a case if "it lacks subject-matter jurisdiction," Fed. R. Civ. P. 12(h)(3).

Webb has not complied with Rule 8. For one thing, his complaint is "prolix and redundant" rather than "short" or "plain." *McCann v. Clark*, 191 F.2d 476, 476–77 (D.C. Cir. 1951). The complaint's 46 pages meander through Webb's hypotheses as to the origins of COVID-19, with occasional detours into topics such as "celebrations of Juneteenth" and the rules of American-style roulette. Compl. ¶¶ 41, 51. "Requiring [the defendants] to answer the complaint in its current form would not promote 'the just, speedy, and inexpensive determination' of [this] action." *Achagzai v. Broadcasting Bd. of Governors*, 109 F. Supp. 3d 67, 71 (D.D.C. 2015) (quoting Fed. R. Civ. P. 1).

For another, Webb's complaint does not meet the minimum requirement of plainly conveying the facts underlying this dispute. For example, it alleges that Meta and the Office of Management and Budget impinged on Webb's religious freedom rights, but it does not explain why—indeed, it contains no mention of Webb's religion. Compl. ¶¶ 90–123. And it asserts a cause of action against Meta under § 1983 but does not explain how Meta acted "under color of [a] statute, ordinance, regulation, custom, or usage, of any *State*." 42 U.S.C. § 1983 (emphasis added); *see* Compl. ¶¶ 110–16. As to Webb's FOIA claim, the complaint comes closer to making the grade, alleging that "on March 23, 2023, Petitioner had a FOIA request . . . regarding a request seeking to determine whether the standard metrics of secondary attack rate and/or

infectious dose were classified information, and the White House did and continues to refuse to reply in any manner to the request, asserting a presumptive claim of executive privilege." Compl. ¶ 70 (emphasis deleted).  Even on this front, however, the complaint does not offer any details as to Webb's request or the manner in which Webb lodged it.  That makes it difficult to ascertain whether Webb "reasonably described" the records he requested and whether he made his request "in accordance with [OMB's] published rules" governing FOIA requests, which in turn leaves it unclear whether Webb plausibly states a claim under FOIA.  5 U.S.C. § 552(a)(3)(A); *cf. Tereshchuk v. Bureau of Prisons*, 851 F. Supp. 2d 157, 161–62 (D.D.C. 2012) (dismissing FOIA complaint for failure to state a claim when it did not allege that requestor paid fee in compliance with appropriate agency procedures).

We are not the first court to see things this way.  As Webb acknowledges within the complaint itself, he "has had other matters, akin to the present matter . . . dismissed [under]" Rule 8 of the Federal Rules of Civil Procedure.  Compl. ¶ 7; *see Webb v. Fauci*, No. 3:21-cv-432 at \*2 (E.D. Va. Jul. 13, 2021); *Webb v. Office of Mgmt. & Budget*, No. 3:22-cv-418 at \*1–2 (E.D. Va. June 6, 2022).  Webb's current complaint merits the same fate.

For these reasons, the Court will therefore *sua sponte* dismiss the complaint without prejudice.  *See Fontaine v. JPMorgan Chase Bank, N.A.*, 42 F. Supp. 3d 102, 109 n.3 (D.D.C. 2014).  The Court will, however, grant Webb leave to file an amended complaint that complies with Rule 8 within 30 days.

It is hereby **ORDERED** that the plaintiff's complaint, Dkt. 1, is **DISMISSED** without prejudice; and it is further

**ORDERED** that the plaintiff's motion for summary judgment and for a temporary restraining order, Dkt. 8, his motion for reconsideration, Dkt. 9, and his renewed motions for

summary judgment and for a temporary restraining order, Dk. 11, are **DENIED AS MOOT** without prejudice; and it is further

**ORDERED** that the plaintiff may file an amended complaint consistent with Rules 8, 12(b)(1), and 12(b)(6) on or before August 28, 2023.

**SO ORDERED**.

*[Signature: Dabney L. Friedrich]*

_____

DABNEY L. FRIEDRICH
July 28, 2023                                                                 United States District Judge