UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MIKE WEBB,

        *Plaintiff*,

   v.

META PLATFORMS, INC.; OFFICE OF MANAGEMENT & BUDGET,

        *Defendants.*

No. 23-cv-816 (DLF)

**ORDER**

Mike Webb, proceeding *pro se*, brings this action against Meta Platforms, Inc. and the Office of Management and Budget. His Amended Complaint asserts claims under the Freedom of Information Act (FOIA), 5 U.S.C. § 552; the Freedom of Access to Clinic Entrances (FACE) Act, 18 U.S.C. § 248; the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb-1(a); 42 U.S.C. §§ 1983 and 1985; and the Declaratory Judgment Act. Am. Compl. ¶¶ 49–50, 51–53, 54–55, 56–57, 58–61, 72–78, Dkt. 17. It also asserts claims for civil conspiracy and intentional infliction of emotional distress under Virginia law. *Id.* at ¶¶ 62–63, 64–71.[1]

Complaints by *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* litigant, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction" and "a

---

[1] On July 28, 2023, the Court dismissed Webb's initial complaint without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Dkt. 14. On August 7, 2023, in response to the Court's July order, Webb filed this amended complaint. Dkt. 17.

1

short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). This requirement "ensures that the opposing party will receive 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Jones v. Changsila*, 271 F. Supp. 3d 9, 21 (D.D.C. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original)). In addition, Rule 12(b)(6) entitles an opposing party to dismissal if the complaint "fail[s] to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), and Rule 12(b)(5) instructs the Court to dismiss a case if a plaintiff's service of process has been "insufficient," Fed. R. Civ. P. 12(b)(5). Finally, Rule 41(b) allows a court to dismiss an action "[i]f [a] plaintiff fails to prosecute." Fed. R. Civ. P. 41(b).

Webb's Amended Complaint, like its predecessor, does not comply with Rules 8 or 12. As to Rule 8, Webb's complaint remains "prolix and redundant" rather than "short" or "plain." *McCann v. Clark*, 191 F.2d 476, 476–77 (D.C. Cir. 1951). Its winding statement of facts, which includes quotations from President Franklin D. Roosevelt and a lengthy discussion of the history of the COVID-19 pandemic, makes it difficult to discern "what" Webb's "claim[s] [are] and the grounds upon which [they] rest[]." *Changsila*, 217 F. Supp. 3d at 21 (quoting *Erickson*, 551 U.S. at 93); *see, e.g.*, Am. Compl. ¶¶ 3, 5, 12–17. Although an improvement on Webb's first attempt in this Court, *see* Compl., Dkt. 1, the Amended Complaint remains sufficiently meandering that "[r]equiring [the defendants] to answer [it] in its current form would not promote 'the just, speedy, and inexpensive determination' of [this] action," *Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 71 (D.D.C. 2015) (quoting Fed. R. Civ. P. 1).

As to Rule 12, Webb's allegations against Meta fail to state a claim upon which relief can be granted. The Amended Complaint contains no facts suggesting that Meta qualifies as a government "agency" under FOIA. *See* 5 U.S.C. § 552(a) (requiring federal "agenc[ies]" to

2

"make available" certain documents to the public). Nor does it allege that Meta harmed Webb "by force or threat of force or by physical obstruction" or by "intentionally damag[ing] or destroy[ing] the property" of a facility providing "reproductive health services" or "place of religious worship," as the FACE Act requires. 18 U.S.C. § 248(a). So too, it does not plead facts suggesting that Meta acted as a federal actor under RFRA, *see Village of Bensenville v. FAA*, 457 F.3d 52, 62–63 (D.C. Cir. 2006), or "under color of any . . . State" law within the meaning of 42 U.S.C. § 1983, *see Polk County v. Dodson*, 454 U.S. 312, 316 (1982); *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). Finally, although the Amended Complaint alleges in general terms that Meta and the federal government coordinated to limit the spread of certain information during the COVID-19 pandemic, it does not make it "plausible" as opposed to "speculative" that Meta conspired with anyone to target Webb, specifically—a necessary ingredient of Webb's § 1985 and civil-conspiracy claims—much less that it intended to cause Webb emotional distress—a lynchpin of Webb's intentional infliction of emotional-distress claim. *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007) ("Without more, parallel conduct does not suggest conspiracy.").

Turning to the Office of Management and Budget, Webb's complaint falls afoul of Rule 12(b)(5) because he did not properly serve his complaint on the Office. Under Federal Rule of Civil Procedure 4(c), a summons must be served by "[a]ny person who is at least 18 years old and not a party" to a case. Fed. R. Civ. P. 4(c)(2). This rule applies to service on the United States or its agencies under Federal Rule of Civil Procedure 4(i). *See Judd v. FCC*, 276 F.R.D. 1, 6 (D.D.C. 2011) (citing cases). Webb, however, mailed both his complaint and his amended complaint to the Office himself. Aff. of Service to Agency Resp. ¶¶ 10–11, Dkt. 13; Aff. of Service Re: Amended Compl. ¶ 10, Dkt. 18. Accordingly, Webb did not serve the Office

3

successfully.  *See Judd*, 275 F.R.D. at 6; *Olson v. FEC*, 256 F.R.D. 8, 10 (D.D.C. 2008) ("Rule 4(c)(2) is violated when a plaintiff personally attempts to serve a defendant—including the United States—by mail.").  The Court has "broad discretion to dismiss a complaint for failure to effect service" and, in this instance, finds that dismissal without prejudice under 12(b)(5) for failure to serve is appropriate.  *Novak v. World Bank*, 703 F.2d 1305, 1310 (D.C. Cir. 1983); *see Morrissey v. Mayorkas*, 17 F.4th 1150, 1561–62 (D.C. Cir. 2021).[2]

Independently, the Court will also dismiss Webb's complaint against the Office under Rule 41(b) for failure to prosecute.  On January 15, the Court instructed Webb to respond to the Office's Motion to Dismiss or seek an extension of time to do so by January 28, 2024, "or the Court [would] dismiss [his] case for failure to prosecute."  Min. Order of Jan. 15, 2024.  As of February 1, 2024, Webb has not filed any response.  In view of the Court's prior warning and of the sprawling nature of Webb's complaint—which makes it difficult for the defendants to understand and the Court to adjudicate Webb's claims without Webb's input—dismissal of Webb's complaint without prejudice is an appropriate sanction.  *See Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990).

One jurisdictional point remains.  Although Webb appealed the Court's prior order dismissing his first complaint without prejudice and denying his motions for summary judgment and a temporary restraining order, Order of July 28, 2023 at 2, Dkt. 14; Notice of Interlocutory Appeal, Dkt. 15, his appeal does not divest this Court of jurisdiction.  "[A] notice of appeal from an unappealable order does not divest the district court of jurisdiction."  *McKesson HBOC, Inc.*

---

[2] The Court recognizes that "dismissal" under Rule 12(b)(5) is ordinarily "not appropriate when there exists a reasonable prospect that service can be obtained."  *Novak*, 703 F.2d at 1310.  Here, however, Webb's complaint is independently defective under Rule 8, and the Court will dismiss the complaint without prejudice under Rule 41, *infra*.

*v. Islamic Republic of Iran*, 315 F. Supp. 2d 63, 66 (D.D.C. 2004); *see Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  Here, the Court's dismissal of Webb's complaint without prejudice and its denial of Webb's motion for summary judgment were not appealable orders.  *See Attias v. Carefirst, Inc.*, 865 F.3d 620, 623–24 (D.C. Cir. 2017) ("[O]rders dismissing [a] *complaint* . . . if rendered 'without prejudice,' are 'typically' not final.") (quoting *Murray v. Gilmore*, 406 F.3d 708, 712 (D.C. Cir. 2005)).  The same holds true of the Court's denial of Webb's motion for a temporary restraining order.  *See Adams v. Vance*, 570 F.2d 950, 953 (D.C. Cir. 1978).  And in any event, even if the Court construes Webb's motion for a temporary restraining order as an (appealable) motion for a preliminary injunction, "an appeal . . . from an interlocutory order involving a preliminary injunction does not divest the district court with jurisdiction to proceed with a decision on the merits."  *Jack's Canoes & Kayaks, LLC v. Nat'l Park Serv.*, 937 F. Supp. 2d 18, 26 (D.D.C. 2013); *see Ex Parte Nat'l Enameling & Stamping Co.*, 201 U.S. 156, 162–63 (1906).

      For these reasons, the Court will dismiss Webb's Amended Complaint.  Because Webb has already been given the opportunity to amend his complaint once and because it appears to the Court that Webb could not "allege additional facts that would cure the deficiencies in [his] complaint" with respect to Meta under Rule 12(b)(6), the Court's dismissal of Webb's claims against Meta will be with prejudice.  *See Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 131 (D.C. Cir. 2012) (quoting *Belizan v. Hershon*, 434 F.3d 579, 584 (D.C. Cir. 2006)).  Because Webb could still serve the Office of Management and Budget successfully and because dismissal with prejudice under Rule 41(b) is not necessary at this time, the Court will dismiss Webb's claims against the Office without prejudice.

Accordingly, it is

**ORDERED** that the defendants' Motions to Dismiss, Dkts. 30, 43, are **GRANTED.** It is further

**ORDERED** that Webb's claims against defendant Meta Platforms, Inc. are **DISMISSED** with prejudice. It is further

**ORDERED** that Webb's claims against defendant Office of Management and Budget are **DISMISSED** without prejudice. It is further

**ORDERED** that Webb may file a second amended complaint, effect service on the defendant Office of Management and Budget, and file proof of service with the Court within thirty (30) days of this order. Otherwise, the Court will dismiss this case.

**SO ORDERED.**

February 1, 2024

DABNEY L. FRIEDRICH
United States District Judge