UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKE WEBB,<br><br>   Plaintiff,<br><br> v.<br><br>OFFICE OF MANAGEMENT AND BUDGET,<br><br>   Defendant. | Civil Action No. 23-0816 (DLF) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS**

## TALE OF CONTENTS

Table of Authorities …………………………………………………………………...…………………..ii

Introduction ………………………………………………………………………………………………1

Allegations in the Complaint …………………………………………………………..………………1

Legal Standards ……………………………………………………………………….……………..2

    I.   Dismissal Pursuant to Rule 12(b)(1) ………..……………………………………...……….2

    II.  Dismissal Pursuant to Rule 12(b)(6) ……………………………………………………….3

Argument ……………………………………………………………………………….……………4

    I.   Plaintiff Has Failed to State a Claim for Violation of the Religious Freedom Restoration Act ……………………………………………………………………………….…..4

    II.  Sovereign Immunity Bars Plaintiff's Freedom to Access Clinic Entrances Act Claim …….5

    III. Plaintiff Cannot Maintain Claims Against a Federal Agency Under 42 U.S.C. §§ 1983, 1985, or 1986 ……………………….....…………………………………………...……….8

    IV. Plaintiff's Intentional Infliction of Emotional Distress Claim is Barred by Sovereign Immunity ……………………………………………………………………….……9

    V.  Plaintiff Cannot Bring a Civil Conspiracy Claim as a Stand-Alone Cause of Action …….11

    VI. Plaintiff Cannot Bring Claims for Declaratory and Injunctive Relief as Separate Counts ……………………………………………………………………………………12

Conclusion …………………………………………………………………………….……..13

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Almy v. Grisham*,
   639 S.E.2d 182 (Va. 2007) ...................................................................................................11
*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .......................................................................................... 3, 5, 12
*Assoc. for Molecular Pathology v. Myriad Genetics, Inc.*,
   569 U.S. 576 (2013) ....................................................................................................... 12
*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................................................................... 3, 4
*Best v. Kelly*,
   39 F.3d 328 (D.C. Cir. 1994) ........................................................................................ 5
*Block v. North Dakota ex rel. Bd. of Univ. Sch. Lands*,
   461 U.S. 273 (1983) ....................................................................................................... 6
*Brashear v. United States*,
   847 F. Supp. 2d 41 (D.D.C. 2012) ...............................................................................11
*C&E Servs., Inc. v. D.C. Water & Sewer Auth.*,
   310 F.3d 197 (D.C. Cir. 2002) ..................................................................................... 12
*Christmann v. District of Columbia*, Civ. A.,
   No. 22-2189 (BAH), 2024 U.S. Dist. LEXIS 10335 (D.D.C. Jan. 20, 2024) ............................. 5
*Cope v. Scott*,
   45 F.3d 445 (D.C. Cir. 1995) ....................................................................................... 10
*Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*,
   144 S. Ct. 457 (2024) .................................................................................................... 7
*District of Columbia v. Carter*,
   409 U.S. 418 (1973) ....................................................................................................... 8
*Dolan v. Postal Serv.*,
   546 U.S. 481 (2006) ....................................................................................................... 9
*Dye v. United States*,
   516 F. Supp. 2d 61 (D.D.C. 2007) ................................................................................ 9
*Edmonds v. United States*,
   436 F. Supp. 2d 28 (D.D.C. 2006) .............................................................................. 10
*FAA v. Cooper*,
   566 U.S. 284 (2012) ....................................................................................................... 7
*FDIC v. Meyer*,
   510 U.S. 471 (1994) ....................................................................................................... 6
*GAF Corp. v. United States*,
   818 F. 2d 901 (D.C. Cir. 1987) .................................................................................... 10
*Gen. Motors Corp. v. EPA*,
   363 F.3d 442 (D.C. Cir. 2004) ....................................................................................... 2

*Greenbaum v. Islamic Republic of Iran*,
    67 F.4th 428 (D.C. Cir. 2023) ............................................................................................... 7
*Griva v. Davison*,
    637 A.2d 830 (D.C. 1994) ....................................................................................................11
*Halberstam v. Welch*,
    705 F.2d 472 (D.C. 1983) ....................................................................................................11
*Harbury v. Hayden*,
    522 F.3d 413 (D.C. Cir. 2008) ............................................................................................. 10
*Haynes v. Quality Mkts.*,
    307 Fed. Appx. 473 (2d Cir. 2008) ....................................................................................... 9
*Jackson v. Bush*,
    448 F. Supp. 2d 198 (D.D.C. 2006) ...................................................................................... 7
*Jerome Stevens Pharms., Inc. v. FDA*,
    402 F.3d 1249 (D.C. Cir. 2005) ............................................................................................ 3
*Kaemmerling v. Lappin*,
    553 F.3d 669 (D.C. Cir. 2008) .............................................................................................. 4
*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994) .............................................................................................................. 2
*Lauderdale, Inc. v. Seminole Tribe of Fla. & Aida Auguste*, Civ. A.,
    No. 19-62591, 2020 U.S. Dist. LEXIS 617 (S.D. Fla. Jan. 3, 2020) .................................... 8
*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) .............................................................................................................. 2
*Macharia v. United States*,
    334 F.3d 61 (D.C. Cir. 2003) ................................................................................................ 3
*Majano v. United States*,
    545 F. Supp. 2d 136 (D.D.C. 2008) .................................................................................... 10
*Malek v. Flagstar Bank*,
    70 F. Supp. 3d 23 (D.D.C. 2014) ........................................................................................ 12
*McNutt v. Gen. Motors Acceptance Corp.*,
    298 U.S. 178 (1936) .............................................................................................................. 2
*Millbrook v. United States*,
    569 U.S. 50 (2013) .............................................................................................................. 10
*Miriyeva v. United States Citizenship & Immigration Servs.*,
    9 F.4th 935 (D.C. Cir. 2021) ............................................................................................... 12
*Mousseaux v. United States*,
    28 F.3d 786 (8th Cir. 1994) .................................................................................................. 9
*Murphy v. United States*,
    121 F. Supp. 2d 21 (D.D.C. 2000) ...................................................................................... 10
*Paul v. Howard Univ.*,
    754 A.2d 297 (D.C. 2000) ...................................................................................................11
*Sandwich Shoppe, Inc. v. Carr Realty Corp.*,
    749 A.2d 724 (D.C. 2000) ...................................................................................................11
*Settles v. United States Parole Comm'n*,
    429 F.3d 1098 (D.C. Cir. 2005) ............................................................................................ 8
*Sherbert v. Verner*,
    374 U.S. 398 (1963) .............................................................................................................. 4

*Taylor v. D.C. Water & Sewer Auth.*,
  957 A.2d 45 (D.C. 2008) .................................................................................................. 10
*Tri-State Hosp. Supply Corp. v. United States*,
  341 F.3d 571 (D.C. Cir. 2003) ........................................................................................... 6
*Tri-State Hosp.*,
  341 F.3d ............................................................................................................................. 7
*Unimex, Inc. v. Dep't of Housing & Urban Dev.*,
  594 F.2d 1060 (5th Cir. 1979) ........................................................................................... 9
*United States v. Dillard*,
  884 F. Supp. 2d 1177 (D. Kan. 2012) ................................................................................ 8
*United States v. Sherwood*,
  312 U.S. 584 (1941) .......................................................................................................... 6
*Webman v. Fed. Bureau of Prisons,*
  441 F.3d 1022 (D.C. Cir. 2006) ......................................................................................... 5
*Wilson v. Dep't of Tranp.*,
  759 F. Supp. 2d 55 (D.D.C. 2011) ....................................................................................11

**Statutes**

18 U.S.C. § 248(a)(2) ........................................................................................................... 5, 6, 7
28 U.S.C. § 1346(b) ..................................................................................................................... 9
28 U.S.C. § 2201 ....................................................................................................................... 12
28 U.S.C. § 2679(b)(1) .............................................................................................................. 10
28 U.S.C. §§ 1346(b)(1) ........................................................................................................ 9, 10
42 U.S.C. § 1985 ..................................................................................................................... 8, 9
42 U.S.C. § 1986 ......................................................................................................................... 9
42 U.S.C. § 2000bb-1 .............................................................................................................. 4, 5
42 U.S.C. §§ 1983 ............................................................................................................... 1, 2, 8

## INTRODUCTION

Plaintiff Mike Webb brought this lawsuit against the Office of Management and Budget, a component of Executive Office of the President ("OMB" or "Defendant").[1] Plaintiff brought claims under the Freedom of Information Act ("FOIA"), the Religious Freedom Restoration Act ("RFRA"), the Freedom to Access Clinic Entrances Act ("Clinic Entrances Act" or "FACE Act"), 42 U.S.C. §§ 1983, 1985, 1986, and claims for intentional infliction of emotional distress, civil conspiracy, and declaratory and injunctive relief.  Although Plaintiff has arguably stated a claim under FOIA, Plaintiff has failed to state a claim for violation of RFRA, or the Clinic Entrances Act.  Moreover, Plaintiff cannot hold the federal government or any of its agencies liable under the Clinic Entrances Act, 42 U.S.C. §§ 1983, 1985, 1986, or an intentional infliction of emotional distress theory because sovereign immunity bars such claims.  Finally, Plaintiff's claims for civil conspiracy and declaratory and injunctive relief should be dismissed because none of those claims can survive as stand-alone causes of action.

## ALLEGATIONS IN THE COMPLAINT

Plaintiff Mike Webb, a self-described "litigation hobbyist"[2] who estimates spending $1,800 per month on "litigation," Mot. to Appeal *in forma pauperis* (ECF No. 61) at 6, alleged that OMB failed to respond to his Freedom of Information Act ("FOIA") request with the tracking number 21-220.  Am. Compl. ¶ 3.  Plaintiff alleges that OMB informed him that it had initiated a search on January 13, 2022, but did not find any records responsive to his FOIA request.  *Id*. ¶ 9.  Plaintiff

---

[1]   Plaintiff previously brought claims against Meta Platforms, the U.S. District Court for the District of Columbia, and Judge Fredrich, which have been dismissed.  *See* Order (ECF No. 46); Min. Order (May 14, 2024).

[2]   Mark Hand, *2023 Candidate Profile: Major Mike Webb Running For House District 3*, Arlington Patch, Oct. 19, 2023, https://patch.com/virginia/arlington-va/2023-candidate-profile-major-mike-webb-running-house-district-3.

alleges this statement contradicted "information previously provided by retained counsel from the U.S. District Attorney's Office, who had claimed that, on or about December 11, 2023, 'we are close to a place where review can begin.'" *Id*. Plaintiff further alleges that the Biden Administration coordinated with Meta Platforms to identify "problematic accounts," which resulted in Meta Platforms disabling his Facebook account and "blocking his access to a designated safe place of worship, within a reasonable time after Petitioner had initiated litigation to compel Respondent OMB to respond timely to a request for documents under the FOIA." *Id*. ¶ 16.

In short, Plaintiff appears to claim that the deactivation of his Facebook account prevented him from participating in religious services during the COVID-19 pandemic. *Id.* ¶¶ 21, 22. Plaintiff appears to allege that these actions violated FOIA, the Freedom to Access Clinic Entrances Act, the Religious Freedom Restoration Act, and 42 U.S.C. §§ 1983, 1985, 1986. Am. Compl. ¶¶ 12-33. In addition to his statutory claims, Plaintiff brings claims for civil conspiracy and intentional infliction of emotional distress. *Id.* ¶¶ 34-43. Finally, Plaintiff brings separate counts seeking declaratory relief, *id.* ¶¶ 44-50, and injunctive relief. *Id*. ¶¶ 51-53.

## LEGAL STANDARDS

I. **Dismissal Pursuant to Rule 12(b)(1).**

Federal courts possess limited jurisdiction, *Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004), and the law presumes that "a cause lies outside [the court's] limited jurisdiction" unless plaintiff establishes otherwise, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Plaintiff bears the burden of demonstrating by a preponderance of the evidence that this Court possesses subject matter jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Rule 12(b)(1) permits a defendant to move to dismiss a complaint based on lack of subject matter jurisdiction.

When adjudicating a Rule 12(b)(1) motion, courts accept the factual allegations in the complaint as true, but "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005). Courts give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003).

## II.     Dismissal Pursuant to Rule 12(b)(6).

A Rule 12(b)(6) motion to dismiss assesses the sufficiency of a complaint, testing whether the plaintiff has pled sufficient facts to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *accord Twombly*, 550 U.S. at 570. In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. at 678. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Id*. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id*. (quoting *Twombly*, 550 U.S. at 555.). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

3

**ARGUMENT**

I. **Plaintiff Has Failed to State a Claim for Violation of the Religious Freedom Restoration Act.**

Plaintiff fails to plausibly allege a violation of the Religious Freedom Restoration Act ("RFRA"). RFRA provides that the "Government shall not substantially burden a person's exercise of religion" unless the challenged conduct (1) is "in furtherance of a compelling government interest," and (2) is "the least restrictive means of furthering that compelling government interest." 42 U.S.C. § 2000bb-1. A substantial burden consists of government action that puts "substantial pressure on an adherent to modify his behavior and to violate his beliefs," *Kaemmerling v. Lappin*, 553 F.3d 669, 678 (D.C. Cir. 2008) (citations omitted), or one that forces a person to "choose between following the precepts of her religion and forfeiting benefits, on the one hand, and abandoning one of the precepts of her religion." *Sherbert v. Verner*, 374 U.S. 398, 404 (1963). But a bare allegation that government conduct substantially burdens a person's religious exercise is a legal conclusion that is not entitled to an assumption of truth. *Kaemmerling*, 553 F.3d at 679. Instead, a plaintiff must allege sufficient facts from which a court can plausibly conclude that a substantial burden on religious exercise exists. *Id.*; *see also, e.g., Twombly*, 550 U.S. at 555, 557.

In support of his RFRA claim, Plaintiff alleges that his "religious freedom on social media have been infringed upon through direct government action." Am. Compl. ¶ 24. Plaintiff believes that the government influenced Meta Platform's decision deactivate his Facebook account, which prevented him from participating in online religious services. *Id.* ¶ 16. But Plaintiff has not plausibly alleged that OMB, or the federal government generally, took any action to substantially burden his exercise of religion. Plaintiff asserts that the Biden Administration coordinated with Meta Platforms to identify "problematic accounts" around the same time that his Facebook account

4

was deleted, *id.*, but he pleads no allegations that OMB or any Government actor played any role in deleting his Facebook account or preventing him from viewing online religious services. Notably, in alleging that the Government coordinated with Meta Platforms to identify problematic accounts, Plaintiff does not even allege that the Government directed Meta Platforms to delete those accounts. *See Id*. ¶¶ 16, 21. Plaintiff's theory that the Government had a hand in Meta Platforms' alleged decision to delete his Facebook account amounts to nothing more than an "unadorned, the-defendant-unlawfully-harmed-me accusation" that is ripe for dismissal. *Iqbal*, 556 U.S. at 678; *Christmann v. District of Columbia*, Civ. A. No. 22-2189 (BAH), 2024 U.S. Dist. LEXIS 10335, at *12 (D.D.C. Jan. 20, 2024) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)) (complaints that allege "bizarre conspiracy theories" or "fantastic government manipulations" are inherently frivolous and are subject to dismissal).

Accordingly, Plaintiff has not plausibly alleged that the Government took any action that substantially burdened his free exercise of religion, 42 U.S.C. § 2000bb-1, and thus his RFRA claim should be dismissed.[3]

## II. Sovereign Immunity Bars Plaintiff's Freedom to Access Clinic Entrances Act Claim.

Plaintiff brings a claim under the Clinic Entrances Act, specifically 18 U.S.C. § 248(a)(2). This provision provides that "whoever by force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person lawfully exercising or seeking to exercise the First Amendment right of religious freedom at a place of religious worship" can be subject to certain criminal penalties. *Id*. Unlike most criminal statutes, the Clinic Entrances Act allows a person aggrieved by conduct prohibited

---

[3] To the extent that Plaintiff seeks money damages for violation of RFRA, that claim fails because "RFRA does not waive the federal government's sovereign immunity for damages." *Webman v. Fed. Bureau of Prisons,* 441 F.3d 1022, 1026 (D.C. Cir. 2006).

in the statute to "commence a civil action." *Id*. § 248(c)(1)(A). "Such an action may be brought under subsection (a)(2) only by a person lawfully exercising or seeking to exercise the First Amendment right of religious freedom at a place of religious worship or by the entity that owns or operates such place of religious worship." *Id.*

Plaintiff appears to allege that the Government violated Section 248(a)(2) by working with Meta Platforms to identify "problematic" Facebook accounts, which resulted in Plaintiff's Facebook account being deleted, thereby preventing him from accessing online religious services. Am. Compl. ¶ 16, 21. But as explained above in response to Plaintiff's RFRA claim, Plaintiff has not plausibly alleged that OMB or any federal agency had any role in deactivating Plaintiff's Facebook account, let alone prevented him from viewing or participating in online religious services.

Even if Plaintiff had pleaded the elements of a Clinic Entrances Act claim, Plaintiff could not maintain that claim against OMB or any federal government agency, because such a claim is barred by sovereign immunity. The United States, as a sovereign, is immune from suit "save as it consents to be sued[.]" *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). This immunity applies with equal force to suits against federal agencies. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The "basic rule of federal sovereign immunity is that the United States [and its agencies] cannot be sued at all without the consent of Congress." *Block v. North Dakota ex rel. Bd. of Univ. Sch. Lands*, 461 U.S. 273, 287 (1983). "Sovereign immunity is jurisdictional in nature." *Meyer*, 510 U.S. at 475. Accordingly, "a party bringing suit against the United States bears the burden of proving that the government has unequivocally waived its immunity." *Tri-State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003). If a plaintiff cannot establish such an unambiguous waiver of immunity as to its claims, those claims must be dismissed

under Rule 12(b)(1) for lack of subject-matter jurisdiction. *See, e.g., Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006) (citing *Tri-State Hosp.*, 341 F.3d at 275) ("[W]hen defendants who are sued in their official capacities raise the doctrine of sovereign immunity as a bar to claims brought against them, a plaintiff must overcome the defense of sovereign immunity in order to establish the jurisdiction necessary to survive a Rule 12(b)(1) motion to dismiss.").

"A waiver of sovereign immunity must 'be clearly discernable from the statutory text in light of traditional interpretive tools.'" *Greenbaum v. Islamic Republic of Iran*, 67 F.4th 428, 432 (D.C. Cir. 2023) (quoting *FAA v. Cooper*, 566 U.S. 284, 291 (2012)). "There is an ambiguity 'if there is a plausible interpretation of the statute that would not authorize money damages against the Government.'" *Id.* "Any ambiguities in the statutory language are to be construed in favor of immunity, so that the Government's consent to be sued is never enlarged beyond what a fair reading of the text requires." *Cooper*, 566 U.S. at 290. The Supreme Court has found a clear waiver of sovereign immunity in instances where "a statute says in so many words that it is stripping immunity from a sovereign entity," and "when a statute creates a cause of action and explicitly authorizes suit against a government on that claim." *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 144 S. Ct. 457, 466 (2024) (cleaned up).

The relevant portion of the Clinic Entrances Act provides for a cause of action against a person who "by force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person lawfully exercising or seeking to exercise the First Amendment right of religious freedom at a place of religious worship." 18 USC § 248(a)(2). No language in this provision states or even suggests that in enacting the Clinic Entrances Act, Congress intended to strip immunity from any sovereign entity or explicitly authorized suit against the government. *See United States v. Dillard*, 884 F. Supp. 2d

7

1177, 1184 (D. Kan. 2012), *aff'd*, 795 F.3d 1191 (10th Cir. 2015) (dismissing Clinic Entrances Act claim against the federal government for lack of subject matter jurisdiction); *see also Eglise Baptiste Bethanie De Ft. Lauderdale, Inc. v. Seminole Tribe of Fla. & Aida Auguste*, Civ. A. No. 19-62591, 2020 U.S. Dist. LEXIS 617, *16 (S.D. Fla. Jan. 3, 2020) (finding a Clinic Entrances Act claim is barred by tribal sovereign immunity because no language in the statute evidences "any clear and unequivocal Congressional intent to abrogate tribal sovereign immunity"). Thus, Plaintiff's Clinic Entrances Act claim should be dismissed because it is barred by sovereign immunity.

### III.  Plaintiff Cannot Maintain Claims Against a Federal Agency Under 42 U.S.C. §§ 1983, 1985, or 1986.

Each of Plaintiffs' claims under 42 U.S.C. §§ 1983, 1985, and 1986 fails because sovereign immunity bars Plaintiff from pursuing those claims against the Federal Government. 42 U.S.C. § 1983 provides for an individual capacity private cause of action against any state or municipal official who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]" But Section 1983 does not apply to federal officials or actions taken under the color of federal law and thus Plaintiff cannot maintain a Section 1983 claim against the United States or its agencies. *District of Columbia v. Carter*, 409 U.S. 418, 425 (1973) ("actions of the Federal Government and its officers are at least facially exempt" from the proscriptions of § 1983); *Settles v. U.S. Parole Comm'n,* 429 F.3d 1098, 1104 (D.C. Cir. 2005) ("[s]ection 1983 does not apply to federal officials acting under color of federal law").

42 U.S.C. § 1985 generally provides for a private cause of action against individuals who conspire to prevent a government official from performing his or her duties, *id*. § 1985(1), conspire to obstruct justice, or intimidate a party, witness or juror, *id*. § 1985(2), or conspire to deprive

8

another individual of his or her civil or constitutional rights. *Id*. § 1985(3). But it is well established that claims against the federal government and its agencies under section 1985 are barred by sovereign immunity, *see e.g., Mousseaux v. United States,* 28 F.3d 786, 787 (8th Cir. 1994); *Dye v. United States*, 516 F. Supp. 2d 61, 71 (D.D.C. 2007), and thus Plaintiff's Section 1985 claim should be dismissed.

42 U.S.C. § 1986 provides for a separate cause of action against "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in [42 U.S.C. § 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed[.]" But as under Sections 1983 and 1985, the federal government cannot be liable under Section 1986. *See e.g., Haynes v. Quality Mkts.,* 307 Fed. Appx. 473, 475 (2d Cir. 2008); *Unimex, Inc. v. Dep't of Hous. & Urb. Dev.,* 594 F.2d 1060, 1061-62 (5th Cir. 1979). Thus, Plaintiff's Section 1986 claim should be dismissed.

### IV. Plaintiff's Intentional Infliction of Emotional Distress Claim is Barred by Sovereign Immunity.

Plaintiff brings a common law tort claim for intentional infliction of emotional distress, but this claim likewise is barred by sovereign immunity. The Federal Tort Claims Act ("FTCA") waives the United States' immunity as to certain common law torts. *See* 28 U.S.C. §§ 1346(b)(1), 2679(b). Specifically, the FTCA authorizes district courts to hear suits against the United States "for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b); *see also Dolan v. Postal Serv.*, 546 U.S. 481, 484

9

(2006); *Cope v. Scott*, 45 F.3d 445, 447 (D.C. Cir. 1995). The FTCA is the exclusive remedy to obtain money damages arising from the negligent or wrongful act of any federal employee acting within the scope of his or her employment. *See* 28 U.S.C. § 2679(b)(1); *see also Majano v. United States*, 545 F. Supp. 2d 136, 147 (D.D.C. 2008). The FTCA operates as a limited waiver of sovereign immunity, rendering the United States subject to suit for certain, but not all, tort claims. 28 U.S.C. §§ 1346(b)(1), 2674, 2679; *Millbrook v. United States*, 569 U.S. 50, 52 (2013); *Harbury v. Hayden*, 522 F.3d 413, 416 (D.C. Cir. 2008). As such, the FTCA defines the terms upon which the United States may be sued in tort. *GAF Corp. v. United States*, 818 F. 2d 901, 904 (D.C. Cir. 1987).

Intentional infliction of emotional distress is an intentional tort. *Taylor v. D.C. Water & Sewer Auth.*, 957 A.2d 45, 50 (D.C. 2008). And FTCA provides only a limited waiver of sovereign immunity for intentional torts. Section 2680(h) provides that the FTCA does not apply to:

> (h) any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit or interference with contract rights: Provided, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of [the FTCA] shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution

*Id.* "Claims that fall under one of the exceptions to the FTCA must be dismissed for lack of subject matter jurisdiction." *Edmonds v. United States*, 436 F. Supp. 2d 28, 35 (D.D.C. 2006). Plaintiff's intentional infliction of emotional distress claim is an intentional tort and thus barred by the intentional tort exception. *See Murphy v. United States*, 121 F. Supp. 2d 21, 27 (D.D.C. 2000) ("[i]ntentional infliction of emotional distress is, of course, an intentional tort. It is barred by the intentional torts exception to the FTCA.").

V.   **Plaintiff Cannot Bring a Civil Conspiracy Claim as a Stand-Alone Cause of Action.**

Plaintiff brings a separate claim for civil conspiracy. Am. Compl. ¶¶ 34-35. Even though OMB is located in Washington, DC and Plaintiff makes no allegations of unlawful conduct occurring in Virginia, Plaintiff lists the elements of civil conspiracy in Virginia and makes the conclusory allegation that the federal government, Meta Platforms, and the Court conspired to deprive him of his Constitutional rights. *Id.* ¶ 35.[4] In the District of Columbia, the elements of civil conspiracy are: "(1) an agreement between two or more persons; (2) to participate in an unlawful act, or in a lawful act in an unlawful manner; and (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement (4) pursuant to, and in furtherance of, the common scheme." *Griva v. Davison*, 637 A.2d 830, 848 (D.C. 1994). Importantly, "liability for civil conspiracy depends on performance of some underlying tortious act." *Halberstam v. Welch*, 705 F.2d 472, 479 (D.C. 1983). "There is no independent action in the District of Columbia for civil conspiracy; rather, it is a means for establishing vicarious liability for an underlying tort." *Exec. Sandwich Shoppe, Inc. v. Carr Realty Corp.*, 749 A.2d 724, 738 (D.C. 2000).

Plaintiff's civil conspiracy claim fails because he has not identified an underlying tort that OMB or any federal agency committed as part of any conspiracy with Meta Platforms, the Court, or any other party. "Because the underlying tort claims fail, so too must the civil conspiracy claim." *Wilson v. Dep't of Transp.*, 759 F. Supp. 2d 55, 65 (D.D.C. 2011). Plaintiff simply asserts, without factual support, that OMB, Meta Platforms, and the Court conspired to "deprive him of

---

[4]   "In determining liability [under FTCA], courts must apply 'the law of the place where the act or omission occurred.'" *Brashear v. United States*, 847 F. Supp. 2d 41, 45 (D.D.C. 2012) (quoting 28 U.S.C. § 1346(b)(1)). But even if the Court were to apply Virginia law, Plaintiff's civil conspiracy claim still would fail because, like in the District, in Virginia, "a common law claim of civil conspiracy generally requires proof that the underlying tort was committed." *Almy v. Grisham*, 639 S.E.2d 182, 188 (Va. 2007) (citing *Paul v. Howard Univ.*, 754 A.2d 297, 310 n.27 (D.C. 2000)).

his constitutional rights," Am. Compl. ¶ 35, but a complaint does not "suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal,* 556 U.S. at 678.

## VI. Plaintiff Cannot Bring Claims for Declaratory and Injunctive Relief as Separate Counts.

Finally, Plaintiff brings separate counts for declaratory, Am. Compl. ¶¶ 44-50, and injunctive relief. *Id.* ¶¶ 51-53. But neither declaratory nor injunctive relief is a stand-alone cause of action. Plaintiff seeks a declaration "not only that the infectious dose and/or secondary attack rate are indeed classified information, but also that, in accordance with Executive Order 12,958, *Classified National Security Information*, April 17, 1995, the Government owns or controls the biological causative agent for COVID-19, which, in accordance with *Association for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576 (2013), would then have to have found origin in a laboratory." Am. Compl. ¶ 50. Although federal courts can issue declaratory judgments, 28 U.S.C. § 2201, "a count for a declaratory judgment is not cognizable as a separate cause of action but is more properly included in the prayer for relief." *Malek v. Flagstar Bank*, 70 F. Supp. 3d 23, 28 (D.D.C. 2014); *see also C&E Servs., Inc. v. D.C. Water & Sewer Auth.*, 310 F.3d 197, 201 (D.C. Cir. 2002) ("the Declaratory Judgment Act 'is not an independent source of federal jurisdiction but only presupposes the existence of a judicially remediable right'").

Similarly, Plaintiff's claim for injunctive relief fails because "the count in which [Plaintiff] requests injunctive relief is not actually a count or a separate claim—it is simply a request for a certain remedy." *Miriyeva v. U.S. Citizenship & Immigr. Servs.,* 9 F.4th 935, 945 (D.C. Cir. 2021). Thus, the Court should dismiss Plaintiff's separate claim for injunctive relief.

\*   \*   \*

## CONCLUSION

For these reasons, the Court should grant Defendant's partial motion to dismiss and dismiss all claims except the FOIA claim.

Dated: June 17, 2024
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:     */s/ John J. Bardo*
JOHN J. BARDO, D.C. Bar # 1655534
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 870-6770

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that I served the forgoing partial motion to dismiss, memorandum in support, and proposed order on Plaintiff via first class mail, postage prepaid to:

Mike Webb, Pro Se
3445 Washington Blvd., Unit 306
Arlington, VA 22201

*/s/ John J. Bardo*
JOHN J. BARDO [1655534]