UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKE WEBB,<br><br>       Plaintiff,<br><br>    v.<br><br>OFFICE OF MANAGEMENT AND BUDGET,<br><br>       Defendant. | Civil Action No. 23-0816 (DLF) |

**REPLY IN FURTHER SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS**

Defendant the Office of Management and Budget, a component of the Executive Office of the President, respectfully submits this reply in further support of its partial motion to dismiss Plaintiff Major Mike Webb's second amended complaint (ECF No. 72).

**ARGUMENT**

As an initial matter, in opposing Defendant's partial motion to dismiss, Plaintiff filed a forty-four-page document titled "Response to OMB's Partial Motion to Dismiss" (ECF No. 74), and attached a forty-nine page document titled "Memorandum of Points and Authorities in Support of Petitioner's Response to OMB's Partial Motion to Dismiss" (ECF No. 74-1). Plaintiff essentially filed a ninety-five-page opposition, but under the local rules, "a memorandum of points and authorities in support of or in opposition to a motion shall not exceed 45 pages . . . without prior approval of the Court." LCvR 7(e). Plaintiff did not seek leave of court before filing an opposition in violation of the local rules.

Plaintiff fails to advance any viable arguments for why his Religious Freedom Restoration Act ("RFRA") claim, 42 U.S.C. § 2000bb-1, Freedom to Access Clinic Entrances Act ("Clinic

Entrances Act" or "FACE Act"), claim, 18 U.S.C. § 248(a)(2), claims under 42 U.S.C. §§ 1983, 1985, 1986, and claims for intentional infliction of emotional distress, civil conspiracy, and declaratory and injunctive relief should not be dismissed and does not meaningfully engage with Defendant's arguments for why those claims should be dismissed. Instead, much of Plaintiff's opposition papers advance unrelated Covid-19 conspiracy theories, quotations from prominent individuals, and citations to unrelated statutes, cases, court rules, and news articles. *See generally* Opp'n (ECF No. 74-1).

Importantly, "it is not the Court's job to wade through pages of incoherent gobbledy-gook in search of a single claim that may have merit." *Shallal v. Gates*, 254 F.R.D. 140, 143 n. 6 (D.D.C. 2008); *see also Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (explaining that parties must be able to discern the essential facts of the case without having to "fish a gold coin from a bucket of mud"). Plaintiff does not advance meaningful arguments and the arguments that he attempts to make are not made in a way that would allow Defendant or the Court to distinguish his arguments "from the flotsam and jetsam surrounding them." *Morrison v. District of Columbia*, Civ. A. No. 22-0456 (TNM), 2022 U.S. Dist. LEXIS 74950 *2 (Apr. 25, 2022). For example, in a seeming attempt to oppose Defendant's arguments in favor of dismissing his RFRA claim, Plaintiff repeats Defendant's arguments but then claims that the government is asserting executive privilege, Opp'n (ECF No. 74-1) at 15, quotes an Executive Order regarding classified information, and cites to classic, yet inapplicable, Supreme Court cases such as *Miranda v. Arizona,* 384 U.S. 436 (1966) and *Terry v. Ohio*, 392 U.S. 1 (1968), and articles from medical journals. Opp'n (ECF No. 74-1) at 16-17. Even more unusual, in opposing Defendant's arguments for dismissal of Plaintiff's claims under 42 U.S.C. §§ 1983, 1985, and 1986, Plaintiff cites articles

2

regarding his previous campaigns for Congress and the Arlington County School Board. Opp'n (ECF No. 74-1) at 21.

"Although pro se litigants are held to a more lenient standard than those represented by counsel, they must nevertheless comply with the Federal Rules of Civil Procedure, Local Rules of Civil Procedure, and court orders." *Anand v. Dep't of Health & Hum Servs.*, Civ. A. No. 21-1635 (CKK) 2023 U.S. Dist. LEXIS 51871 at *9-10 (D.D.C. Mar. 27, 2023). Plaintiff's failure to present his arguments in a "digestible or comprehensible manner" warrants granting Defendant's motion. *Morrison*, 2022 U.S. Dist. LEXIS 74950, at *1.

Plaintiff makes much of the fact that Defendant did not move to dismiss his Freedom of Information Act ("FOIA") claim. *See, e.g.*, Opp'n (ECF No. 74) at 20. But as Defendant previously advised the Court, Def.'s Mot. for Extension of Time (ECF No. 80), and pursuant to the Court's August 5, 2024 Minute Order, Defendant will demonstrate its compliance with FOIA in a forthcoming combined cross motion for summary judgment and opposition to Plaintiff's motion for summary judgment (ECF No. 78).

Additionally, Plaintiff suggests that Defendant should be held in default for not filing an answer to his complaint, Opp'n at 17-18 (ECF No. 74), but Defendant's timely filing of the partial motion to dismiss stayed its obligation to file an answer, Fed. R. P. Civ. 12(a)(4), and thus Plaintiff's arguments for default should be disregarded.

\*   \*   \*

## CONCLUSION

For these reasons, and the reasons stated in Defendant's underlying partial motion to dismiss, the Court should dismiss all claims in Plaintiff's Second Amended Complaint, save the FOIA claim (ECF No. 52). Defendant will address Plaintiff's FOIA claim in its forthcoming combined cross motion for summary judgment and opposition to plaintiff's motion for summary judgment.

Dated: August 16, 2024
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:     */s/ John J. Bardo*
JOHN J. BARDO, D.C. Bar #1655534
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
John.Bardo@usdoj.gov
(202) 870-6770

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2024, I caused the forgoing Reply to be served on Plaintiff via first class mail, postage prepaid to:

Mike Webb, Pro Se
3445 Washington Blvd., Unit 306
Arlington, VA 22201

*/s/ John J. Bardo*
JOHN J. BARDO [1655534]