UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKE WEBB,<br><br>        Plaintiff,<br><br>  v.<br><br>OFFICE OF MANAGEMENT AND BUDGET,<br><br>        Defendant. | Civil Action No. 23-0816 (DLF) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S COMBINED CROSS MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

Table of Contents ................................................................................................................. i

Table of Authorities .......................................................................................................... ii

Background ........................................................................................................................1

    I.      Procedural History. ...............................................................................................1

    II.     Factual Background. .............................................................................................1

Legal Standards ..................................................................................................................3

Argument ............................................................................................................................4

Conclusion ..........................................................................................................................7

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ............................................................................................................. 3
*Brayton v. Off. of U.S. Trade,
  Rep.*, 641 F.3d 521 (D.C. Cir. 2011) ................................................................................... 3
*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ............................................................................................................. 3
*Clemente v. FBI*,
  867 F.3d 111 (D.C. Cir. 2017) ........................................................................................ 4, 6
*Defenders of Wildlife v. Dep't of Interior*,
  314 F. Supp. 2d 1 (D.D.C. 2004) ......................................................................................... 4
*Defenders of Wildlife v. U.S. Border Patrol*,
  623 F. Supp. 2d 83 (D.D.C. 2009) ................................................................................... 3, 4
*Dep't of Labor*,
  478 F. Supp. 2d 77 (D.D.C. 2007) ....................................................................................... 4
*Ground Saucer Watch, Inc. v. CIA*,
  692 F.2d 770 (D.C. Cir. 1981) ............................................................................................. 4
*McGehee v. CIA*,
  697 F.2d 1095 (D.C. Cir. 1983) ........................................................................................... 3
*Media Rsch. Ctr. v. Dep't of Just.*,
  818 F. Supp. 2d 131 (D.D.C. 2011) ..................................................................................... 3
*Military Audit Project v. Casey*,
  656 F.2d 724 (D.C. Cir. 1981) ............................................................................................. 4
*Perry v. Block*,
  684 F.2d 121 (D.C. Cir. 1982) ............................................................................................. 4
*SafeCard Servs., Inc. v. SEC*,
  926 F.2d 1197 (D.C. Cir. 1991) ........................................................................................... 4
*Truitt v. Dep't of State*,
  897 F.2d 540 (D.C. Cir. 1990) ............................................................................................. 4
*Valencia-Lucena v. Coast Guard*,
  180 F.3d 321 (D.C. Cir. 1999) ............................................................................................. 4

**Statutes**

42 U.S.C. §§ 1983 .................................................................................................................... 1, 2

**Rules**

Fed. R. Civ. P. 56(a) ..................................................................................................................... 3

Defendant, the Office of Management and Budget, respectfully submits this memorandum of points and authorities in support of its cross-motion for summary judgment and in opposition to Plaintiff Mike Webb's motion for summary judgment (ECF No. 78) on Plaintiff's Freedom of Information Act ("FOIA") claim. As demonstrated below, Defendant conducted a reasonable search for records responsive to Plaintiff's FOIA request but did not locate any responsive records. Because Defendant satisfied its obligations under FOIA, the Court should deny Plaintiff's motion for summary judgment and grant Defendant's cross-motion.

## BACKGROUND

### I. Procedural History.

Plaintiff brought this lawsuit against the Office of Management and Budget ("OMB" or "Defendant"), a component of Executive Office of the President. Plaintiff brought claims under the Freedom of Information Act, the Religious Freedom Restoration Act, the Freedom to Access Clinic Entrances Act, 42 U.S.C. §§ 1983, 1985, & 1986, and for intentional infliction of emotional distress, civil conspiracy, and declaratory and injunctive relief. *See* Am. Compl. (ECF No. 52). Defendant moved to dismiss all claims except for the FOIA claim. Part Mot. to Dismiss (ECF No. 72). Defendant's partial motion to dismiss is fully briefed and ripe for decision.

While Defendant's partial motion to dismiss was in briefing, Plaintiff moved for summary judgment on his FOIA claim (ECF No. 78). Plaintiff claimed that Defendant failed to respond to his FOIA claim, entitling him to an order granting summary judgment in his favor. *Id.*

### II. Factual Background.

On March 23, 2021, Plaintiff submitted a FOIA request to OMB, seeking:

Any and all documents pertaining to the infectious dose for COVID-19, or it's causative agent, SARS-CoV-2, also described as "2019-nCoV" or "novel coronavirus" being determined to represent, at least a topic, "unauthorized disclosure of which reasonably could be expected to cause damage to the national

> security", warranting a personnel security classification of "confidential". Arvin S. Quist, Principles for Classification of Information (Vol.2), supra.

[and]

> Any and all documents pertaining to the secondary attack rate for COVID-19, or it's causative agent, SARS-CoV-2, also described as "2019-nCoV" or "novel coronavirus" being determined to represent, at least a topic, "unauthorized disclosure of which reasonably could be expected to cause damage to the national security", warranting a personnel security classification of "confidential".

Ex. 1, FOIA Request at 4-5.  By email, OMB acknowledged that it received Plaintiff's request. Ex. 2, Email, MBX OMB FOIA to Webb (Mar. 23, 2021).

OMB construed the request as seeking all OMB records pertaining to any determination that either the infectious dose or secondary attack rate of COVID-19 (or its corresponding virus, SARS-CoV-2) warranted classification at the Confidential level.  Walsh Decl. ¶ 7 (attached). OMB determined that that the only OMB offices reasonably likely to maintain responsive records would be the Health Division within the Health Programs Resource Management Office, or the National Security Division within the National Security Programs Resource Management Office. *Id*. ¶ 8.  On January 10, 2022, OMB personnel contacted the Deputy Associate Directors for both of those divisions, but both Deputy Associate Directors reported that their divisions did not have records responsive to either request. *Id.* ¶¶ 9-10.

To further corroborate that OMB did not have any responsive records, OMB conducted searches of all emails sent or received by any OMB employees dated from December 1, 2019 to January 13, 2022. *Id.* ¶ 12.  The purpose of this search was to locate any responsive records among the emails and to identify any custodians who may have responsive records in other repositories. *Id*.  OMB searched both its unclassified and Secret (classified) email systems. *Id*. ¶ 16.  Upon completion of the search, an OMB attorney reviewed each of the potentially responsive records but determined that none of those records was responsive to the request and none of the emails

identified custodians who would have responsive records. *Id.* ¶ 42. By letter dated January 26, 2024, OMB issued a final response to Plaintiff informing him that OMB had completed a search for records responsive to Plaintiff's request but did not locate any responsive records. Ex. 3, Letter, Ziese to Webb (Jan. 26, 2024).

## LEGAL STANDARDS

Summary judgment is appropriate when the pleadings and evidence "show[] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact. *See id.* at 323. A genuine issue is one that "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. Once the moving party has met its burden, the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.*

"[T]he vast majority of FOIA cases can be resolved on summary judgment." *Brayton v. Off. of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011); *see also Media Rsch. Ctr. v. Dep't of Just.*, 818 F. Supp. 2d 131, 136 (D.D.C. 2011) ("FOIA cases typically and appropriately are decided on motions for summary judgment.") (quoting *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009)). A government agency may obtain summary judgment in a FOIA case by relying on "relatively detailed" and "nonconclusory" declarations. *McGehee v. CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983).

"[T]he Court may award summary judgment solely on the basis of information provided by the department or agency in declarations when the declarations describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the

information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *Citizens for Resp. & Ethics in Wash. ("CREW") v. Dep't of Labor*, 478 F. Supp. 2d 77, 80 (D.D.C. 2007) (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)). Courts give agency declarations "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)). Once the court determines that an agency has released all non-exempt material, it has no further judicial function to perform under FOIA and the FOIA claim is moot. *See Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982).

## ARGUMENT

Defendant conducted a search reasonably calculated to locate any records responsive to Plaintiff's FOIA request, but did not locate any responsive records. Walsh Decl. ¶¶ 43-47. An agency is entitled to summary judgement in a FOIA case with respect to the adequacy of its search if it shows "that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce information requested." *Clemente v. FBI*, 867 F.3d 111, 117 (D.C. Cir. 2017). "An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)).

Where an agency affidavit attests that a reasonable search was conducted, the agency is entitled to a presumption of good faith. *Defenders of Wildlife v. Dep't of Interior*, 314 F. Supp. 2d 1, 8 (D.D.C. 2004). "To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search." *Defenders of Wildlife*

*v. Border Patrol*, 623 F. Supp. 2d 83, 91 (D.D.C. 2009). In this case, Heather Walsh, Deputy General Counsel for OMB, appropriately explained and attested to the adequacy of the search that OMB performed in response to the request. *See generally* Walsh Decl.

OMB construed Plaintiff's request as seeking all OMB records pertaining to any determination that either the infectious dose or secondary attack rate of COVID-19 (or its corresponding virus, SARS-CoV-2) warranted classification at the Confidential level. Walsh Decl. ¶ 7. Because the request sought information concerning public health and national security, OMB determined that the Health Division within the Health Programs Resource Management Office, or the National Security Division within the National Security Programs Resource Management Office were the only OMB offices reasonably likely to have any responsive records. *Id*. ¶ 8. On January 10, 2022 OMB personnel contacted the Deputy Associate Directors for the National Security and Public Health divisions, sent them copies of the request, and asked if their respective divisions had any responsive records. *Id*. ¶ 9. Each Deputy Associate Directors reported that their respective divisions did not have any responsive records. *Id*. ¶¶ 9-10.

To confirm the Deputy Associate Directors' statements that their respective divisions did not have any responsive records, attorneys conducted searches within the OMB unclassified and Secret (classified) email systems. *Id*. ¶¶ 13-14. In conducting this search, OMB sought not only to locate responsive records, but also determine whether any OMB custodians maintained responsive records in other repositories. *Id.* ¶ 14. OMB searched its unclassified email systems for emails containing the terms "secondary attack rate" or "infectious dose," and also containing the terms "confidential" or "classified" or "COVID-19" that were sent or received by OMB employees between December 1, 2019 to January 13, 2022. *Id*. ¶¶ 14, 17, 23. Importantly, the search captured emails to and from all OMB employees, not just employees in the Health and

National Security divisions. *Id*. ¶¶ 23-24. Although Plaintiff's request did not specify a date range, OMB used a date range that would capture any emails from when COVID-19 first emerged until the date that OMB began conducting the email search. *Id*. ¶ 33. Because of a technical process called "journaling" that OMB uses to maintain its email archive, the search included emails that users deleted from their inbox and emails from individuals who were no longer employed with OMB at the time of the search. *Id.* ¶ 17.

The National Security Council maintains all classified emails within the Executive Office of the President, which includes emails designated as "Confidential," "Secret," and "Top Secret." *Id*. ¶ 19. The National Security Council conducted the same search within the OMB Secret email system as OMB had conducted in its unclassified system. *Id*. The classified emails are maintained using the same journaling process as the unclassified emails. *Id*.

An OMB attorney reviewed each potentially responsive email that was located in the searches. *Id*. ¶ 42. During this review, OMB did not identify any records responsive to Plaintiff's request. *Id.* Further, none of the searches identified custodians who were likely to maintain in other repositories records responsive to Plaintiff's request. *Id.*

Contrary to Plaintiff's representations, *see generally* Pl. Mot for Summ. J., OMB responded to Plaintiff's FOIA request with a final decision stating that "OMB was unable to locate any records responsive to your request." Ex. 3, Letter, Ziese to Webb (Jan. 26, 2024). OMB "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce information requested." *Clemente*, 867 F.3d at 117. Because OMB conducted a reasonable search but did not locate any records responsive to Plaintiff's request, Defendant is entitled to an order granting summary judgment in its favor on Plaintiff's FOIA claim.

## CONCLUSION

For these reasons, the Court should deny Plaintiff's motion for summary judgment and grant Defendant's cross-motion for summary judgment.

Dated: August 30, 2024

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:  */s/ John J. Bardo*
JOHN J. BARDO, D.C. Bar #1655534
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 870-6770

*Attorneys for the United States of America*