UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKE WEBB,<br><br>       Plaintiff,<br><br>   v.<br><br>OFFICE OF MANAGEMENT AND BUDGET,<br><br>       Defendant. | Civil Action No. 23-0816 (DLF) |

## DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS CROSS MOTION FOR SUMMARY JUDGMENT

Defendant the Office of Management and Budget ("OMB" or "Defendant") respectfully submits this reply in further support of its cross motion for summary judgment (ECF No 86).

## ARGUMENT

Plaintiff Mike Webb's Freedom of Information Act ("FOIA") claim stems from a FOIA request that he sent to OMB that in essence sought "all OMB records pertaining to any determination that either the infectious dose or secondary attack rate of COVID-19 (or its corresponding virus, SARS-CoV-2) warranted classification at the Confidential level." Walsh Decl. ¶ 7 (ECF No. 86-4). OMB searched for responsive records but found none. *Id.* ¶¶ 44-46. Defendant moved for summary judgment arguing that it had conducted an adequate search, did not locate any records and thus is entitled to an order granting summary judgment in its favor on Plaintiff's FOIA claim. Def. Mot. for Summ. J. (ECF No. 86).

Heather Walsh, the Deputy General Counsel for OMB, submitted a declaration detailing the search. *See* Walsh Decl. "If the agency has produced such a reasonably detailed affidavit describing its search, the burden shifts to the FOIA requester to produce 'countervailing evidence'

of a genuine dispute of material fact as to the adequacy of the search." *Parker v. Immigr. & Customs Enf't*, 238 F. Supp. 3d 89, 101 (D.D.C. 2017) (quoting *Morley v. CIA*, 508 F.3d 1108, 1116 (D.C. Cir. 1991)). Plaintiff's response ("Opp'n") (ECF No. 88) provides no such evidence.

Plaintiff instead dedicates much of his opposition to complaining about the amount of time that it took for OMB to respond to his request and suggests that the undersigned counsel should be sanctioned for such delay. *See, e.g.*, Opp'n at 6, 21, 25, 28. But Defendant's delay in sending a response to Plaintiff's request does not entitle Plaintiff to any relief at this stage of the proceedings. Defendant responded to Plaintiff's FOIA request and is not withholding any records and thus Plaintiff's FOIA claim is moot. *Feinman v. FBI*, 598 F. App'x 15, 15-16 (D.C. Cir. 2015) (finding plaintiff's request for search moot where the agency subsequently searched and located no responsive records); *accord Shapiro v. Dep't of Just.*, 40 F.4th 609, 615 (D.C. Cir. 2022) ("Now that the FBI has turned over all responsive documents, we lack authority to turn back the clock and compel the FBI to hand them over faster."); *Atkins v. Dep't of Just.*, 946 F.2d 1563 (D.C. Cir. Sept. 18, 1991) (unpublished) ("The question whether DEA complied with [FOIA] time limitations in responding to Aaron Atkins' request is moot because DEA has now responded to this request."). Plaintiff cannot use Defendant's tardiness in processing and responding to the request as a reason to continue to litigate his FOIA claim. *Voinche v. FBI*, 999 F.2d 962, 963 (5th Cir. 1993) (dismissing case as moot because only issue in case was "tardiness" of agency response, which was made moot by agency disclosure determination); *Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987) ("[H]owever fitful or delayed the release of information[,] . . . if we are convinced appellees have, however belatedly, released all nonexempt material, we have no further judicial function to perform under the FOIA.'"); *Khine v. Dep't of Homeland Sec.*, 943 F.3d 959, 965 (D.C.

Cir. 2019) (same). OMB responded to Plaintiff's request and Plaintiff has not raised any objections to the substance of OMB's response and thus there is no further function for the Court to perform.

The rest of Plaintiff's opposition, like his previous filings, is replete with irrelevant matters, including citations to random Supreme Court cases, previous cases that he litigated as a pro se plaintiff, Executive Orders, and news articles about the Covid virus. *See generally* Opp'n. None of these citations or items counsels against entry of summary judgment for Defendant.

In sum, because Plaintiff did not provide any countervailing evidence to suggest that the searches that OMB staff performed in response to his FOIA request were not "reasonably calculated to uncover all relevant documents," *Weisberg v. Dep't of Just.*, 705 F.2d 1344, 1351 (D.C. Cir. 1983), Defendant is entitled to summary judgment on Plaintiff's FOIA claim.

## CONCLUSION

For these reasons, and the reasons stated in Defendant's cross motion for summary judgment (ECF No. 86), the Court should enter judgment in Defendant's favor on Plaintiff's FOIA claim.

Dated: September 26, 2024  
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052  
United States Attorney

BRIAN P. HUDAK  
Chief, Civil Division

By:  */s/ John J. Bardo*  
JOHN J. BARDO  
Assistant United States Attorney  
601 D Street, NW  
Washington, DC 20530  
(202) 870-6770

*Attorneys for the United States of America*

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2024, I caused the forgoing Reply to be served on Plaintiff via first class mail, postage prepaid to:

Mike Webb, Pro Se
3445 Washington Blvd., Unit 306
Arlington, VA 22201

      */s/ John J. Bardo*
      JOHN J. BARDO [1655534]